No. 10,124.

ZINK *v.* FRY.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Action for breach of contract. Judgment for defendant.

*Affirmed.*

1. CONTRACT—*Breach.* There is no breach of a contract where the condition alleged to have been broken is not contained in it.

2.     *For Purchase of Cattle—Selection.* Where a contract for the exchange of land for cattle provides for a selection of the cattle, the selection should be made at the time the title passes.

3. APPEAL AND ERROR—*Practice.* It does not comport with good practice for the court to consider points raised by plaintiff in error for the first time in his reply brief, unless good cause be shown therefor and leave of court obtained.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. S. HARRISON WHITE, Mr. JOHN H. VOORHEES, Mr. R. R. CLOUD, for plaintiff in error.

Mr. J. H. H. LOW, Mr. H. P. VORIES, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for breach of contract. There was a verdict and judgment for defendant, and plaintiff brings the cause here for review.

The contract in question was in writing and by its terms provided, in substance, that defendant, in consideration of the transfer to him of certain real estate, should convey to plaintiff ninety-five head of cattle.

As argued in the opening brief of plaintiff in error, it is claimed that defendant committed a breach of contract in two respects, namely: (1) That he did not permit plaintiff to select ninety-five head of cattle out of a herd of ninety-seven, and (2) that he did not permit plaintiff to use the corrals on his land.

As to the use of the corrals, the case presents no difficulty. The contract does not provide for such use and there is evidence that the parties did not contemplate that plaintiff should use the corrals. There is no error in the record as to this branch of the case.

The principal contention of the plaintiff in error is that there was a breach of contract with reference to plaintiff's right to select the ninety-five head of cattle out of a herd of ninety-seven. The contract provides for such selection, but the selection should have been made at the time the title passed. Plaintiff had the opportunity to make the selection but refused to do so at the time. The record supports the inference that plaintiff knew that defendant himself thereafter made the selection. The record appears also to justify the theory, advanced by counsel for defendant in error, that plaintiff "waived and forfeited" the right of selection "by sleeping on her rights and leading the other party into a false position." After

reading the opening brief of plaintiff in error and the answer brief of defendant in error we are satisfied that the case should be affirmed simply on the ground that the evidence is sufficient to support the verdict and the judgment reached a correct result.

The plaintiff in error has filed a very able reply brief in which the entire case appears to be reargued and two new propositions advanced, one of which appears to be that defendant could not at any time himself make a selection of two head for himself out of the herd, but that he was left to his remedy of an action for damages in case plaintiff failed to exercise her right of selection. The other proposition argued is that the contract remained executory, and title did not pass, until plaintiff actually made the selection. We need not consider these matters for the purpose of ascertaining whether they pave the way to a disclosure of error in the record. In *Isabella G. M. Co. v. Glenn,* 37 Colo. 165, 172, 86 Pac. 349, 351, this court said:

"It does not comport with good practice for the court to consider points raised by the appellant or plaintiff in error for the first time in his reply brief, certainly unless good cause be shown therefor, and leave of court be obtained."

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.